## TRUSTEES OF THE POOR OF NEW CASTLE COUNTY v. REES ENOCH'S ADMINISTRATOR.

Supreme Court.  New Castle.  April, 1796.

*Bayard's Notebook, 132.*

*Bayard,* in the defense, contended: First, from the nature of the case the action is not maintainable. The corporation is a charitable institution, and its disbursements gratuitous and in nature of a donation. That a gift could not at the will of the donor be converted into a contract, and therefore that an action founded on an assumpsit could not be supported. That the plaintiffs could not have admitted the intestate unless he was a pauper, and it was absurd to say that a man admitted as a pauper, which implied no property, should be supposed to promise payment, which implied property. That the administrator was sued for the promise of the pauper, and if the suit could be supported against him it would lie against the pauper, and of consequence all paupers were liable to be sued at the will of the Trustees and their bodies liable to imprisonment. Second, that the intestate was insane and at no time during his living in the poorhouse capable of making a contract.

In answer to the first point it was said by *Read* and *Rodney* for the plaintiffs that the intestate in fact was no pauper. That the Trustees of the Poor had been imposed upon. That the money expended was paid by mistake and therefore might well be recovered back in this action. Secondly, that there was no com-

mission of lunacy, and that the contract might be presumed to be made at a lucid interval.

[PER] CURIAM. We are of opinion that the evidence is fully sufficient to support the first, second, and fourth counts. We conceive that a pauper is chargeable for his maintenance when admitted into the poorhouse even though it be known at the time he has no property. And in the case of one insane, we apprehend that the law will imply an assumpsit for necessaries furnished, such as charged in the present account.

Jury gave a verdict for the amount of the account and interest.